| | | |
|---|---|---|
| **TENNESSEE RIVERKEEPER, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No.** |
| **CITY OF CELINA, TENNESSEE,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

The Plaintiff, Tennessee Riverkeeper, files this Complaint as follows:

## NATURE OF THE CASE

1. This is a citizen's suit, brought pursuant to the provisions of Section 505(a)(1) of the Federal Water Pollution Control Act, also known as the Clean Water Act (hereinafter "CWA"), as amended, 33 U.S.C. § 1365(a)(1), to address violations of the CWA by Defendant, City of Celina, Tennessee ("Celina" or "the City") arising out of illegal discharges of pollutants from the Celina Sewage Treatment Plant ("STP") at Celina, Clay County, Tennessee.

2. Defendant Celina is in violation of sections 301 and 402 of the CWA (33 U.S.C. §§1311 and 1342) and sections 122.1 *et sec* of Title 40 of the Code of Federal Regulations. These laws require that no facility shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the National Pollutant Discharge Elimination System ("NPDES").

1

3.  Celina is violating provisions of its NPDES permit by allowing its STP to discharge pollutants to the waters of the United States and waters of the state while failing to abide by the discharge limitations mandated by its permit. Celina is also violation it permit by allowing discharges to waters of the United States and water of the state from overflows of sewage from its sewage collection system. Riverkeeper seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of litigation costs, including attorney and expert witness fees, for Defendant Celina's repeated and ongoing violations of the CWA.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over the CWA claims set forth in this Complaint by virtue of Section 505(a)(1) of the Federal Water Pollution Control Act, 33 U.S.C. § 1365(a)(1). Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1331 (Federal question).

5.  Venue is appropriate in the Middle District of Tennessee pursuant to 33 U.S.C. § 1365(c)(1) and because the acts, omissions, and/or violations complained of herein occurred, and continue to occur, at Clay County, Tennessee, within the Middle District of Tennessee.

## NOTICE

6.  Tennessee Riverkeeper ("Riverkeeper") has complied with the pre-suit notice provisions of the CWA.  Pursuant to 33 U.S.C. § 1365(b)(1)(A), 40 C.F.R. Part 135, Riverkeeper, on September 9, 2024, gave the City of Celina notice of the violations alleged herein and its intent to sue after the expiration of sixty (60) days ("September Notice")(Exhibit A).  At the same time, Riverkeeper mailed a copy of the September Notice to the Administrator of the Environmental Protection Agency ("EPA"), the Regional Administrator of Region IV of the EPA, and the Commissioner of the Tennessee Department of Environment and Conservation ("TDEC").

2

Service of notice on Defendant was by certified mail. More than 60 days have passed since the September Notice was served on Defendant and these agencies.

7. Since Riverkeeper gave notice, the violations complained of have not ceased and are ongoing. Neither the EPA nor the State of Tennessee has commenced and diligently prosecuted a civil or criminal enforcement action in a court of the United States or a state for the violations. Furthermore, prior to the September Notice, neither the EPA nor the State of Tennessee commenced and diligently prosecuted an administrative action under 33 U.S.C. §1319(g), or under a comparable Tennessee law, for the violations and Riverkeeper is filing this action within 120 days of the September Notice.

8. Neither the EPA nor the state has issued a final order not subject to further judicial review and the Defendant has not paid a penalty assessed under 33 U.S.C. §1319(g), or under a comparable Tennessee law, for the violations.

9. Riverkeeper will, immediately upon receipt of a file stamped copy of this Complaint, mail a copy of this Complaint to the Administrator of the EPA, the Regional Administrator of the EPA Region in which the violations are alleged to have occurred, and the Attorney General of the United States.

## PARTIES

10. Riverkeeper is a non-profit corporation formed in the State of Alabama and granted authority to operate in Tennessee by the Division of Business Services, State of Tennessee, as a nonprofit foreign corporation. Riverkeeper has approximately 1,500 members, and is dedicated to the preservation, protection, and defense of the Tennessee and Cumberland Rivers and their

tributaries. Riverkeeper actively supports effective enforcement and implementation of environmental laws, including the CWA, on behalf of and for the benefit of its members.

11. Members of Tennessee Riverkeeper have recreated in, on or near, or otherwise used and enjoyed, or attempted to use and enjoy, the Obey and Cumberland Rivers in the past, and they intend to do so in the future. They have a direct and beneficial interest in the continued protection, preservation, and enhancement of the environmental, aesthetic, and recreational values in the Cumberland River and its tributaries, including the Obey River. The quality of these waters directly affects the recreational, aesthetic, and environmental interests of certain members of Tennessee Riverkeeper. The recreational, aesthetic, and environmental interests of certain of Tennessee Riverkeeper's members have been, are being, and will be adversely affected by the Defendant's continued violation of the NPDES permit requirements, Tennessee NPDES rules, and the CWA as alleged in this complaint.

12. Members of Tennessee Riverkeeper now recreate less on the Obey and Cumberland Rivers because of the Defendant's illegal discharges. The violations alleged herein have had a detrimental impact on those members' interests because the violations have adversely affected and/or diminished aquatic life and water quality in these rivers and have made these rivers less suitable for fishing, boating, wading, walking, observing nature, or relaxing. Said members would recreate more in and around these rivers but for Defendant's illegal discharges of pollution. Riverkeeper's members will recreate more often in or near these rivers once the Defendant's illegal discharges cease.

13. Rus Snijders is a member of Tennessee Riverkeeper. He is a fisherman who likes to fish the Obey and Cumberland Rivers in the vicinity of the stated Celina discharges and likes to take

4

his family and friends there. He is concerned about pollution in the river and the safety of himself and those he takes there. His Declaration is attached hereto as Exhibit B and incorporated herein.

14. Riverkeeper is a "citizen" within the meaning of 33 U.S.C. §§ 1365(g) and 1365(a).

15. Defendant, Celina, is a Tennessee municipality within the Middle District of Tennessee, with principal offices at Celina, Tennessee. Celina is the owner and operator of the Celina STP and is in control of the facility.

16. Celina is a "person" within the meaning of 33 U.S.C. §§1362(5) and 1365(a)(1).

## STATUTORY BACKGROUND

17. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants from a point source into waters of the United States unless the discharge is in compliance with various enumerated sections of the CWA. Among other things, Section 301(a) prohibits such discharges not authorized by, or in violation of the terms of, a NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

18. The State of Tennessee has been delegated the authority to implement the permitting programs of the Act by the EPA, including the NPDES permit program, pursuant to 33 U.S.C. § 1342(b). TDEC is the water pollution control agency for purposes of the Act and has drafted regulations pursuant to that authority implementing the Act's permitting programs within the State of Tennessee.

19. A citizen suit, pursuant to 33 U.S.C. § 1365(a)(1), may be brought for violations of the terms and conditions of NPDES permits. 33 U.S.C. § 1365(f).

## GENERAL ALLEGATIONS

20. This is an action for declaratory judgment, injunctive relief, civil penalties, and litigation costs, including reasonable attorney's and expert witness fees, to enforce provisions of the CWA, and regulations adopted pursuant to said act.

21. Celina is in violation of sections 301 and 402 of the CWA (33 U.S.C. §§1311 and 1342) and sections 122.1 *et sec.* of Title 40 of the Code of Federal Regulations. These laws require that no facility shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the National Pollutant Discharge Elimination System.

22. Celina was issued NPDES permit number TN0063886 which authorizes the permit holder to discharge treated municipal wastewater from its sewage treatment plant through Outfall 001 into Cumberland River at mile 380.7 (Cordell Hull Lake), subject to stated discharge limitations and monitoring requirements. All discharges must be in accordance with effluent limitations, monitoring requirements, and other conditions set forth in the NPDES Permit. Any permit noncompliance constitutes a violation of applicable state and federal laws and is grounds for enforcement action. *See,* Permit §2.1.1. Celina is subject to strict liability for any violations of its NPDES Permit.

23. As set forth in the September Notice, attached hereto as Exhibit "A" and incorporated by reference herein, and in Count One, below, Celina has violated the CWA by operating its STP in a manner which discharges pollutants to the waters of the United States and waters of the state in violation of its NPDES Permit and/or outside the coverage of its permit.

24. The violations set forth herein and in the September Notice are continuing and ongoing, or are likely to recur, as of the date of this Complaint.

6

## COUNT ONE
## DISCHARGES OF POLLUTANTS TO SURFACE WATERS IN VIOLATION OF AN
## NPDES PERMIT AND THE CLEAN WATER ACT

25. The Plaintiff hereby repeats, re-alleges, adopts, and incorporates by reference paragraphs 1 through 24 herein as if fully set out in this count.

26. Celina is in violation of section 301(a) of the CWA, 33 U.S.C. §§ 1311, and 40 C.F.R § 122.1, *et seq.*, as well as similar provisions of Tennessee law. *See* T.C.A. § 69-3-108 and § 69-3-115. These laws require that no person shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the NPDES.

27. Celina is in violation of provisions of the stated permit by operating its STP in a manner which discharges pollutants to the waters of the United States and waters of the state in excess of the permit limitations, as demonstrated by Discharge Monitoring Reports submitted by Celina to the TDEC. These activities include, but are not limited to, the specific dates and exceedances set forth in Appendix A.

28. Appendix A lists fifty-five instances of discharges of pollutants in excess of permit limits between April 30, 2021 and July 31, 2024. These include fourteen instances of exceedances of BOD, nine exceedances of BOD percent removal, two exceedances of total residual chlorine, four exceedances of E. Coli, eight exceedances of dissolved oxygen minimum, and eighteen exceedances of pH.

29. Each exceedance is a permit violation and a violation of the CWA. Monthly average violations count as one violation for each day of the month and weekly average violations count as one violation for each day of the week. Listed in Appendix A are fifteen monthly average violations and two weekly average violations, giving a total of four hundred ninety-nine (499) days

of violation. Celine is therefore liable for four hundred ninety-nine (499) CWA violations under this Count.

30. Defendant Celina should be subject to an enforcement order or injunction ordering it to fully comply with all requirements of its NPDES permit, the TWQCA, and the CWA.

31. Defendant Celina should be subject to the assessment of civil penalties for these violations of the CWA pursuant to Section 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365. For the purpose of assessing the maximum penalty which the Defendant is liable, each day that Celina has discharged pollutants without a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d), for each day is has occurred and will occur after the filing of this Complaint.

32. The violations set out in this count are continuing and ongoing and there is a reasonable likelihood that Defendant will continue to commit these or similar violations in the future.

33. These violations have an adverse impact on waters of the United States and waters of the state, specifically the Obey River and the Cumberland River, and on the recreational, aesthetic, and environmental interests of the Riverkeeper's members in those waterways as set out in paragraphs 11 thru 13 herein above.

**COUNT TWO**
**FAILURE TO AVOID OVERFLOWS IN VIOLATION OF AN NPDES PERMIT**
**AND THE CLEAN WATER ACT**

34. Riverkeeper hereby repeats, re-alleges, adopts, and incorporates by reference the paragraphs above as if fully set out in this count.

35. Celina is in violation of provisions of its NPDES Permit by failing to operate its collection system so as to avoid overflows. The permit specifically prohibits overflows and places a duty

upon Celina to avoid overflows. *See,* Permit §2.3.3. Overflows in violation of the Permit have been reported to the TDEC on at least the occasions shown in **Appendix B**. This list shows fifty (50) violations since January 2020. Celina is therefore liable for fifty CWA violations under this Count.

36. The violations set out in this Count are continuing and ongoing and there is a reasonable likelihood that Defendant will continue these or similar violations in the future.

37. These violations have an adverse impact on waters of the United States and waters of the state, specifically of Obey River and the Cumberland River, and on the recreational, aesthetic, environmental, and pecuniary interests of Riverkeeper's members in those waterways as set out in paragraphs 11 thru 16 herein above.

38. Defendant Celina should be subject to an enforcement order or injunction ordering it to fully comply with all requirements of its NPDES Permit and the CWA.

39. Defendant Celina should be subject to the assessment of civil penalties for these violations of the CWA pursuant to Section 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365. For the purpose of assessing the maximum penalty which Defendant Celina is liable, each day that the Celina sewage treatment plant has discharged pollutants in violation of its NPDES Permit and/or without a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d).

**COUNT THREE**
**INJUNCTIVE RELIEF**

40. Riverkeeper hereby repeats, re-alleges, adopts, and incorporates by reference paragraphs 1 through 39above as if fully set out in this count.

9

41. The violations set out herein will continue unless this Court enjoins Defendant from continuing to violate its permit.

42. These violations have caused irreparable injury to some of Riverkeeper's members. Riverkeeper has no adequate remedy at law for the injuries caused to its members by Defendant's ongoing violations in that Riverkeeper would be forced to bring repeated and burdensome actions for each new injury to its interests if Defendant's ongoing violations are not enjoined.

43. An injunction will be in the public's interest in this case. Because Defendant is in continuing violation of the law, the equities for an injunction weigh in Riverkeeper's favor.

44. Therefore, Riverkeeper brings this cause of action to enjoin Defendant from engaging in any other affirmative act or conduct which would contribute to further permit violations.


### PRAYER FOR RELIEF

**WHEREFORE**, Riverkeeper respectfully requests that the Court grant the following relief:

    a. Plaintiff Riverkeeper requests the Court render a judgment finding and declaring that Defendant Celina has violated and is in violation the CWA, 33 U.S.C. § 1311(a), and Tennessee NPDES rules;

    b. Plaintiff Riverkeeper requests and petitions this Court to enjoin the violations and any and all illegal conduct by Defendant set out and alleged in Counts One and Two above and issue an injunction compelling Defendant to remedy the illegal discharges of pollutants into waters of the United States;

    c. Plaintiff Riverkeeper requests and petitions this Court to assess a $74,958.04 civil

10

penalty (*see* 40 CFR § 19) against Defendant Celina for each violation and each day of continuing violation of the CWA for which Defendant is found liable pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a);

d.  Plaintiff Riverkeeper requests and petitions this Court for an award of litigation costs, including reasonable attorney's fees and expert fees, as authorized by 33 U.S.C. § 1365(d); and

e.  For such other, further or more general relief as this Court may deem appropriate.

Respectfully submitted this the 22nd day of November, 2024.

s/ Mark E. Martin
Mark E. Martin
Alabama Bar No: 9361-A41M
(Admitted to USDC Middle District of Tennessee)
P.O. Box 1486
Oneonta, AL 35121
Telephone: (205) 516-9350
mmartin@markemartin.com


s/ Andrea Taylor McKellar
Andrea Taylor McKellar (BPR #19618)
McKellar Law Group, PLLC
117 28th Avenue North
Nashville, TN 37203
Telephone: 615.866.9699
andie@mckellarlawgroup.com


*Attorneys for Plaintiff Tennessee Riverkeeper, Inc.*

**Plaintiff demands trial by struck jury.**

11